**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos HIGUERA–CRUZ,**
**Defendant–Appellant.**

No. 00–50539.

D.C. No. CR–99–02975–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Juan Carlos Higuera–Cruz appeals his conviction for importing and possessing 6.62 kilograms of methamphetamine, in violation of 18 U.S .C. §§ 952 and 960, following his conditional guilty plea. We

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Higuera–Cruz contends that the district court erred by denying his motion to suppress his post-detention statements which allegedly were made outside the six-hour "safe harbor" of 18 U.S.C. § 3501(c), during a pre-arraignment delay in violation of Federal Rule of Criminal Procedure 5(a). We review de novo the district court's interpretation of 18 U.S.C. § 3501(c), *United States v. Wilson,* 838 F.2d 1081, 1083, 1085 (9th Cir.1988), and review for clear error its factual findings related to the pre-arraignment delay. *United States v. Padilla Mendoza,* 157 F.3d 730, 732 (9th Cir.1998).

Even assuming, as Higuera–Cruz argues, that the statements fell outside of the "safe harbor," he has failed to refute the district court's findings that: (1) no "prejudicial pre-arraignment delay" evidence was presented before the district court; (2) any delay in obtaining statements from Higuera–Cruz was reasonable; and (3) his confession was otherwise voluntary. *See* 18 U.S.C. § 3501(c); *United States v. Halbert,* 436 F.2d 1226, 1230, 1237 (9th Cir.1970) (placing burden on defendant to show, pursuant to Rule 5(a), that a confession should be suppressed due to pre-arraignment delay); *see also United States v. Van Poyck,* 77 F.3d 285, 289–90 (9th Cir.1996) (concluding that defendant's non-"safe harbor" statements were admissible because overnight or weekend delays are reasonable). The district court's findings were therefore not clearly erroneous and it properly admitted Higuera–Cruz's confession. *See Halbert,* 436 F.2d at 1237 (stating defendant's confession, which was given two days after defendant's arrest,

---

was admissible where there were no oppressive police practices prior to his confession and no evidence that the delay contributed to the confession).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.